IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,              )<br>                                                      )<br>              Plaintiff,                      )<br>                                                      )<br>      vs.                                         )<br>                                                      )<br> Hugo Mendoza,                          )<br>                                                      )<br>              Defendant.                   ) | **ORDER DENYING DEFENDANT'S<br>MOTION TO REDUCE SENTENCE**<br><br>Case No. 1:18-cr-034 |

Before the Court is the Defendant's *pro se* motion to reduce sentence under 18 U.S.C. § 3582(c)(2), filed on January 12, 2024. See Doc. No. 707. The Government filed a response in opposition to the motion on February 12, 2024. See Doc. No. 712. For the reasons set forth below, the motion is denied.

**I.      BACKGROUND**

In 2018, a federal grand jury charged the Defendant with three crimes: conspiracy to distribute and possess with intent to distribute a controlled substance, namely methamphetamine (Count One); possession with intent to distribute a controlled substance, namely methamphetamine (Count Three); and possession of a firearm in furtherance of a drug trafficking crime (Count Five). On August 28, 2018, the Defendant pled guilty to Counts One and Three. See Doc. No. 206. Both counts carried a ten-year mandatory minimum sentence based on the quantity of methamphetamine involved.

The Presentence Investigation Report ("PSR") calculated a total offense level of 33. See Doc. No. 295, ¶ 22. The Defendant had 2 scorable criminal history points, which placed him in criminal history category II. See Doc. No. 295, ¶¶ 29–30. The resulting advisory Sentencing Guidelines range was 151 - 188 months. See Doc. No. 295, ¶ 67. The Court adopted these calculations. See Doc. No.

1

307. On January 23, 2019, the Court sentenced the Defendant to 148-months of imprisonment after granting the Government's request for a downward variance. See Doc. Nos. 306 and 307.

On January 12, 2024, the Defendant filed a *pro se* motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(2) and Parts A and B of Amendment 821 contending he his entitled to a sentence reduction. See Doc. No. 707. The Government filed a response in opposition to the motion contending he did not receive any status points at sentencing and he is not a zero point offender and thus no sentence reduction is warranted. See Doc. No. 592. The Defendant is serving his sentence at FPC Duluth in Duluth, Minnesota. He has a presumptive release date of May 13, 2027.

## II.     LEGAL DISCUSSION

Under the federal sentencing scheme, sentence modifications are available under very limited circumstances. One circumstance in which a sentence reduction is permitted is when the applicable Sentencing Guideline range has been lowered by the Sentencing Commission and it makes the amendment retroactive. See 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) of Title 18 of the United States Code provides as follows:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The applicable Sentencing Commission policy statement provides as follows:

(a)     AUTHORITY.--

   (1)     IN GENERAL.--In a case in which a defendant is serving a term of

imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) EXCLUSIONS.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if–

  (A) none of the amendments listed in subsection (d) is applicable to the defendant; or

  (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range.

(3) LIMITATION.--Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

(b) DETERMINATION OF REDUCTION IN TERM OF IMPRISONMENT.--

(1) IN GENERAL--In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(2) LIMITATION AND PROHIBITION ON EXTENT OF REDUCTION.--

  (A) LIMITATION.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

  (B) EXCEPTION FOR SUBSTANTIAL ASSISTANCE.--If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

  (C) PROHIBITION.--In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

(c) CASES INVOLVING MANDATORY MINIMUM SENTENCES AND SUBSTANTIAL ASSISTANCE.--If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction).

(d) COVERED AMENDMENTS.--Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), 782 (subject to subsection (e)(1)), and 821 (parts A and B, subpart 1 only and subject to subsection (e)(2)).

(e) SPECIAL INSTRUCTIONS.--

  (1) The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later.

  (2) The court shall not order a reduced term of imprisonment based on Part A or Part B, Subpart 1 of Amendment 821 unless the effective date of the court's order is February 1, 2024, or later.

U.S.S.G. 1B1.10.

In *Dillon v. United States*, the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. 560 U.S. 817 (2010).

The Supreme Court instructed that "[a]ny reduction must be consistent with applicable policy statements issued by the Sentencing Commission" and Section 1B1.10 instructs the district court to "substitute the amended Guidelines range while leav[ing] all other guideline application decisions unaffected." Id. at 821 (internal quotations omitted). The Supreme Court set forth a two-step approach to apply:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, §1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1).
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, §1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. §1B1.10(b)(2)(A). Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does § 1B1.10 authorize a court proceeding under § 3582(c)(2) to impose a term "comparably" below the amended range. § 1B1.10(b)(2)(B).
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings.

Dillon, 560 U.S. at 827

On November 1, 2023, Amendment 821 to the United States Sentencing Guidelines took effect, pursuant to the Sentencing Commission's authority under 28 U.S.C. § 994(o). The amendment applies retroactively. Amendment 821 has three parts and several subparts: Part A pertains to "Status

Points;" Part B pertains to "Zero-Point Offenders;" and Part C pertains to "Simple Possession of Marihuana Offenses."

In Part A to Amendment 821 to the United States Sentencing Guidelines, the United States Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). Previously, the "status point" provision appeared in U.S.S.G. § 4A1.1(d) which added 2 points if the defendant "committed the instant offense while under any criminal justice sentence[.]" The amended provision states as follows:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). A person who otherwise has 7 criminal history points or more now receives 1 additional "status" criminal history point instead of 2, while a person who otherwise has 6 criminal history points or less receives no status points.

In Part B Subpart 1 to Amendment 821 of the United States Sentencing Guidelines, the United States Sentencing Commission added what now appears in Section 4C1.1, providing a 2- offense-level reduction for certain offenders who have zero criminal history points. The new provision provides as follows:

> **Adjustment for Certain Zero-Point Offenders**
>
> (a)     ADJUSTMENT.—If the defendant meets all of the following criteria:
>
>     (1)     the defendant did not receive any criminal history points from Chapter Four, Part A;
>
>     (2)     the defendant did not receive an adjustment under §3A1.4 (Terrorism);
>
>     (3)     the defendant did not use violence or credible threats of violence in connection with the offense;

    (4)    the offense did not result in death or serious bodily injury;

    (5)    the instant offense of conviction is not a sex offense;

    (6)    the defendant did not personally cause substantial financial hardship;

    (7)    the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

    (8)    the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

    (9)    the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

    (10)    the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

decrease the offense level determined under Chapters Two and Three by 2 levels

U.S.S.G. § 4C1.1.

There is no right to counsel in Section 3582(c) proceedings. United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009). Nor is there a right to a hearing. See Dillon, 560 U.S. at 827-28 (observing that, under Federal Rule of Criminal Procedure 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification).

In this case, the Court adopted the PSR without change. The PSR reveals the Defendant received 2 criminal history points. See Doc. No. 295, ¶¶ 29–30. The Defendant did not receive any status points under the prior version of U.S.S.G. § 4A1.1(e). Thus, Part A of Amendment 821 offers him no relief.

Part B of Amendment 821 also offers the Defendant no relief. The 2-level reduction provided by U.S.S.G. § 4C1.1 applies only if the Defendant had zero criminal history points. U.S.S.G. §

4C1.1(a)(1). Because the Defendant had 2 criminal history points which placed him in criminal history category II, he is not a zero-point offender under U.S.S.G. § 4C1.1 and is ineligible for a sentence reduction under Part B of Amendment 821.

Having determined the Defendant is not eligible for a sentence reduction, the Court need not address the Section 3553(a) factors. The Court has carefully reviewed the entire record and concludes the Defendant has failed to demonstrate he is entitled to a sentence reduction. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016) (the burden is on the defendant to establish a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2)).

### III.   CONCLUSION

For the reasons set forth above, the Defendant's motion to reduce sentence (Doc. No. 707) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 7th day of May, 2024.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court